Good morning, everyone. Please be seated. Hane Gate Creek v. HG Recovery Funds. If both the attorneys would step up to the podium and give us your names for the recording. Thank you. Good morning, Your Honors. Joe Nickley, NICHDLE on behalf of Hane Gate Creek, LLC and Land Logistics, who is the plaintiffs and appellants in this matter. Good morning. Good morning, Your Honors. John Burke, BURKE on behalf of the appellees in this matter. We're not related. We're not related. That's my husband's name. Good morning to both of you. And you will each have about 15 minutes for your presentation. And from that, Mr. Nickley, you may save out some time for rebuttal. We'll save five minutes, Your Honor. Sure. All right. With that, Mr. Burke, you may be seated. Mr. Nickley, you may proceed. May it please the Court, Counsel, I represent Hane Gate Creek, LLC and Land Logistics, LLC, who are the plaintiffs and appellants in this matter. For sake of brevity, I will just refer to both as Hane Gate, just to try to simplify things as much as possible. The issue in this case, Your Honors, is whether or not Hane Gate's verified complaint alleging fraud and conspiracy, filed in 2018 in the Law Division of Cook County, should have been dismissed on res judicata principles after the 2015 foreclosure case had been decided. I have a question regarding the foreclosure case. Yes, Your Honor. So you're in front of Judge Otto. Judge Otto enters an order and issues a memorandum opinion on August 30th, 2022. And at that time indicates that the First Amendment complaint is dismissed. Yes, Your Honor. All right. And on that same day, he issues another order which indicates that the First Amendment complaint is dismissed. However, granted leave to file a second verified amended complaint. So where's the finality in this foreclosure matter? It appears that it was still continuing even after Judge Otto in one order says 304A, but then in the next order he enters a leave to amend the Second Amendment or the leave to file the Second Amendment complaint. Well, the amended complaint was in relation to a motion previously filed by Hane Gate to add a party defendant. Okay, are we talking about the first or the second? Because he gives the plaintiffs an opportunity to file a second verified amended complaint on the same day that he dismissed the First Amendment complaint. Yes, and that was to add a party defendant, Karen Lederer, who was the attorney who was involved in the transaction in the alleged fraud. And so Hane Gate had previously filed a motion seeking leave to add an additional count, adding that additional defendant. And before the judge ruled on that, he dismissed the case pursuant to res judicata with prejudice. So what are you saying? So what I'm saying is that at that time when he dismissed the case with prejudice, the case was over. And then subsequently, the order was entered allowing the party to be added. My belief is, Your Honor, is that there was some Where is this order? I don't recall him saying that the case was dismissed with prejudice. I thought he said at the end this is final. This is final and appealable.  I don't think he ever dismissed the case with prejudice, did he? No, but final appealable. Here's the problem. Justice Reyes pointed out, the same day that he dismissed the case, well, he didn't dismiss it, he just ruled that the complaint was barred under principles of res judicata. Then he granted leave to file this second amended complaint adding a party. So the concern is that when he did that, there was no final order, or actually there was perhaps, but in order to proceed vis-à-vis our jurisdiction, he had to enter 304A language, which I don't believe he did. So I'm not sure that we have jurisdiction to hear this appeal. Well, two things, Your Honor. First, and I'd have to check the specific language of the order. Yeah. But if it was a final appealable order on res judicata principles, I would argue that Your Honors do have jurisdiction to hear the matter on that basis. Second, there was no second amended complaint filed. Well, there was. It's in the record. He granted leave. He granted leave, but it was actually not filed after that, Your Honor. I mean, so leave was granted, but this next step of actually filing the second amended complaint adding the party defendant was not done because it was our understanding that the case had been over at that time because of the order entered on res judicata. The complaint's in the record. Here's what happened, as I recall. Before this motion that Judge Otto heard on whether or not to dismiss the first verified amended complaint, you, or the plaintiffs, asked to file, you asked leave to file a verified second amended complaint to add misletterer, correct? That's correct, Your Honor. All right. And so you were given leave to prepare a proposed second amended verified complaint by August on or before August 24th, which you then did. That was presented in a motion for leave to file the second amended complaint, and you filed it with the clerk's office on August 24th. Then on the 30th, the judge entered an order. I don't know if they have time stamps for his dismissal order of the other two or if there's a time stamp for leave to amend, which was actually allowed. So you have his dismissal of the two defendants. Then you have adding a third party that same day. His order disposes of those two, but it doesn't dispose of misletterer. So there is a pending complaint or actually there's a complaint or account that has not been disposed of because he granted leave that very day and the complaint was actually the second verified amended complaint was filed. So at some point, though, that same day, he enters his order and why he finds race to account. So under the case law, if there's another action or claim pending or another party still in the court, then that order he entered has to have the appropriate 304A language. You just can't say final and appealable. You have to say there's no just reason to delay enforcement or judgment on appeal. So those are the kind of questions we have. Now, that's not like fatal. It can be something that can be returned to the trial court with the appropriate 304A language. Sure. And backing up for one second, I did find the order entered by the court on August 30, 2022. And in the conclusion section, Judge Otto does state the plaintiff's motion to dismiss is granted with prejudice. And then he said this is a final and appealable order. So that was the language of the order. Okay. But here's the problem. Well, you still have another person pending. Sure. And does he say this, there's no just reason to delay enforcement or appeal of this decision? Because he's only getting rid of two of these now three defendants. The exact language, Your Honor, and if I may quote, the amended complaint is barred by the doctrine of res judicata under 2619A4 of the code. Plaintiff's motion to dismiss is granted with prejudice. Plaintiff's motion to dismiss under 2615 of the code is moot. September 6, 2022 hearing at 11 a.m. set by the court's June 24, 2022 order stricken. This is a final and appealable order. Okay. And in addressing your other point, Your Honor. So I agree with you that what he did say, it's just prejudice, it was a final order as to those two. Yes, Your Honor. In filing the motion to add the party defendant, we initially filed that motion to seek to add misletterer. It was objected to by counsel because an amended complaint had not been attached to the motion. We subsequently filed an amended motion to add misletterer, and at that point, we attached as an exhibit a proposed amended complaint. Up until that time, until the time the judge. And when you're saying proposed amended complaint, you're talking about the second. Yes, Your Honor. I'm sorry, I wasn't clear with that. The second amended complaint adding the party defendant. Okay. In August 30th, after the judge dismissed the case, Judge Otto dismissed this case, then he granted the motion to add misletterer. But I don't believe, Your Honor, and I'm fairly certain, we never took the affirmative step after that to then go ahead and file the second amended complaint. So while maybe in the record, because it was attached to the motion to amend the complaint to add misletterer and to file a second amended complaint. Well, I think there's an order where he granted. There's an order, there's absolutely an order granting the motion. Right. So how can you say it wasn't filed or it's not? Well, because at that point, we didn't take the affirmative step of saying the filing or the notice of filing the second amended complaint and serving it on counsel. It was just a proposed amended complaint that was attached to a motion. I'd have to go through the record. But don't you agree, I'm sorry. No, go ahead. Don't you agree, I mean, you have this order allowing you to file a second amended complaint, which means that the action is still not terminated, but then the next thing that the record shows is that then you filed a notice of appeal on September 21st. 2022. So what happened between August 30th and September 21st, 2022? Well, Your Honor, we were, I think the orders, the dual orders caused significant confusion on our part as well. Based on the timing of everything, we were expecting to appear to a hearing and have the order entered before that time. And so what we did, because there was a statute of limitations issue, we were not certain as to what the next step would be. What we did is we actually filed a separate lawsuit, and this is not part of the record, against Ms. Lederer to preserve the statute of limitations. So there's actually a separate lawsuit against Ms. Lederer pending right now before the law division because we felt with the uncertainty of the dual orders here, we felt that that was the necessary step to try to preserve that issue. Well, we'll have to really, you know, look closely at the record to determine whether or not we have jurisdiction. But I do think there was an order where the court gave you leave to file that second amended complaint, and it's in the record. There is an order. You're correct, Your Honor. There's no doubt there's an order. So if there's an order, and now there's another complaint, and it's allowed, there's another party that hasn't been resolved. And so this other order has to be final and appealable with the appropriate 304 language. So I think we understand your position, but we'll have to, you know, look a little closer at the record. Thank you, Your Honor. I have another question related to the foreclosure action. Yes, Your Honor. So which property was sold for $225,000? It seems clear from the record that 3207 Nottingham was sold for $225,000, but then the amended complaint in the briefs indicate that it was 3201 Nottingham that was sold for $225,000. So I'm completely confused. What property was sold for $225,000? Well, the one we referred to was Lot 1, Your Honor, I believe. And I'd have to double check if that was a typographical error or not. That was a private sale in any event. It was. It was a private sale to a third party, Your Honor. Okay, so was 3207 Nottingham part of the foreclosure action? Yes, Your Honor. Okay, because the judgment of foreclosure in the sale only referenced 3201 Nottingham and the vacant lots. Yes, because I think the sale, yes, the judgment does reference that, but I'd have to check the record, Your Honor, and I apologize for that. But it was, that was a private purchase, and I believe it was part of the foreclosure case. Because at that point, there was indications that the parties were trying to resolve the issue and not have that code of sheriff sale. Okay, well, was there another judgment entered and that's not part of the record? Because the judgment of foreclosure references 3201. It doesn't reference 3207. Yes, Your Honor. No, there were no judgments, and I'd have to double check the record. Wasn't there a confirmation of sale of the other property? There was. 307? Yes. So there was a confirmation of sale of both of these properties, whether or not they were specified? Yes, Your Honor. The 3201 property was, and the vacant lots, was part of the confirmation of sale. Okay, so how did the foreclosure action end up getting resolved? It ended up being resolved, those properties were sold to a third party, Antonio Sanchez. There was further litigation regarding that, but eventually the sale was confirmed. So the other properties are meaning 3207 or 3201? I just want to make sure we're clear. 3201, Your Honor. Thank you. 3201, perfect. So. Al, you want to get to the heart of your argument? I will, Your Honor. I think the primary issue here is we don't believe that res judicata applies based on the transactional test and the operative facts. We do not believe they're the same. But most importantly, we think there's an issue of fundamental fairness that's involved here that precludes res judicata from being applied. There was a, this case was filed in 2018 while the foreclosure case was still pending. At that time, a motion to dismiss was filed seeking to dismiss the case based on 619A3, alleging they were the same cause of action with the same parties. And in that motion, counsel for H.G. specifically argued that this matter should be before the foreclosure court. At that time, Judge McGrath denied that motion and then took it one step further and put the case on stay, you know, su sponte, on the stay calendar while the foreclosure case was pending. So what case would you ask us to look at closely to support, that is your argument, isn't it, that it would be fair and unjust to use the doctrine of collateral estoppel because the judge took control over your other case and stayed it, and once it was in a stay posture, you really couldn't proceed. Yes, Your Honor. There's no case that's directly on point, and we could not find one that's directly on point. I think a case that was very similar was the Cary case that we cited in the briefs. In that case, there was a foreclosure case filed in Florida, and in the Florida case, then the plaintiff in the Illinois case filed suit here in Illinois, and the defendant, who was the plaintiff in the foreclosure case in Florida, waited several months until a foreclosure judgment was entered to then go ahead and file its motion to dismiss here in the Illinois case. And at that time, this court ruled, it ruled various reasons why res judicata did not apply, but it specifically commented on the fact that the defendant waited to file its motion to dismiss after the final judgment in the foreclosure case and commented that, you know, this court commented that it was unfair and unjust because of that, and that was something that was considered. Did the court, though, use the wrong test? They hadn't used the operative facts test. Your opposing counsel says that that case is not really worth it. And there was a dissent by Justice Giganti. There was, but I think looking not in the principle of the operative transactional test, but on the fact that this court has repeatedly, and the Supreme Court has said, that if fairness and equity dictates a different result, that res judicata should not apply. And so I think that's the primary basis of citing that case is the fairness factor here. Well, what about the fact that you filed a motion to vacate the stay. I'm sorry, not the stay. You took one of the sales, and then the judge did deny affirming or confirming, rather, one of the other properties. And then you filed a motion for attorney fees. And in that, your opposing counsel has suggested that you had your bite at the apple. You alleged that the process had been fraudulent. The same kind of claims that were in the suit that was stayed were presented to the court, and so you shouldn't have the opportunity. You got attorney fees. Granted, those were not the kinds of damages you would be seeking, but I'm not sure the operative facts test really has to do with the amount of damages. So how do you respond to that? They say you had your opportunity, you got fees, but you alleged the same things, fraud and conspiracy, so to speak. And then the court did vacate. And then the court also denied the confirmation. I'm not, you know, precise about the properties. But how do you respond to that? Yes, Your Honor. In the foreclosure case, when they filed the motion to vacate, and they received fees as a result of that by statute, that was specifically attacking the fact that the sale had been approved. So you weren't involved with the foreclosure? I was not. All right. Good to know. Yes. And so I apologize if my ignorance. I read the record, of course. I just don't have that deep knowledge of that because I was not involved in it, and it was obviously some years ago. Okay. So the motion to vacate was filed to have that sale vacated, and attorneys fees were awarded under the foreclosure law. Yes. But in this case, seeking money damages, and I would argue that it is not part of the same operative facts because we are not seeking a second bite of the apple. We're not seeking to attack the vacating sale or attack the foreclosure judgment itself. We're seeking to recover money damages as a result of a conduct during litigation. And the foreclosure case involved adjudicating the interest in the real estate and the mortgage, but it did involve these issues of fraud and conspiracy. And as a result of that, we're not seeking a second bite by the apple. And on top of that, Your Honors, this complaint was filed in 2018 while the case was still pending, and counterclaims are permissive and they're not mandatory, and if Judge McGrath had thought or believed that this case should be heard before the foreclosure case, she could have transferred it to the foreclosure judge, she could have granted the motion, and that would have allowed the Mengate to then refile the case. She could have consolidated cases. Instead, not only did she deny the motion to dismiss, but then she took the second affirmative step of staying the case pending the foreclosure case. So to answer my question, how is this really a res judicata case? Because you filed the fraud action first, right? While the other case, the final judgment isn't entered until like months later. So how is this really truly a res judicata case? Well, I don't... That's your argument. That's what I'm saying. And that's where I think the fairness argument comes in. Because basically once the case was stayed, Mengate was in limbo until it was taken off the stay calendar. They couldn't prosecute their case. They couldn't do anything. And then fast forward to 2022, August 2022. Now there's a final judgment, and now the res judicata argument is something that was not being able to defend before. But where is that in the record, though? That's why I'm asking the question. Where is this argument on the record? Because it seems like it comes out at the tail end instead of, well, all this is going on in front of Judge McGrath, Judge Otto, Judge Spratt. Well, the record is the argument was made in response to the motion for res judicata that the court should abide by Judge McGrath's decision. It's kind of a case in the law doctrine, or law in the case doctrine, to uphold that decision. This is not the same cause of action and not the same parties. And also we allege this fairness argument or argue this fairness argument that we relied on that. In the first motion to dismiss, the motion to dismiss that was made was based on another case pending. Yes. And I had mentioned collateral estoppel earlier, but I meant res judicata. All right. So then Judge Otto hears this second motion to dismiss. That is based on res judicata. He says, well, the other, you know, any previous motion was interlocutory, whatever. So are you saying that you're not involved even in that first filing? No, I was not counsel in 2018. So in addition, you were not the attorney that filed the claim involving fraud and conspiracy? My involvement came, Your Honor, I believe at the beginning of last summer in my office filed the first amended complaint and then was involved in the briefing and the arguing of the motion to dismiss the first amended complaint. Okay. Is that the one that was before Judge McGrath? No, it was before Judge Otto. Oh, okay. So you were not part of this other earlier order because when I was going to ask, when the motion to stay was entered, the attorneys could have requested to vacate that stay. But it was put on the law division bankruptcy to stay? Or what was it put on? It was the red order, read, Your Honor, it was put on the stay calendar pending the conclusion of the foreclosure case. All right. And so that was the specific language that was used. And that's pretty much the basis of the unfairness here? Yes. All right, all right, all right. Your Honor, I think I'm way past my time, so thank you. I just want to ask you one more question. I'll say as long as you want to. Your opposing counsel cites the Adler case, 20-22, which says that you cannot challenge any aspect of the foreclosure after the judgment and sale has gone forward. Did you respond to that in your reply? Or am I missing something here? I don't know if we specifically addressed it or not, Your Honor, but I can address it now. Sure. I believe he's citing to the statute of which the foreclosure act is section 15-1509. Adler, I believe, and the other appellate court decisions have held that that statute, specifically subsection C, bars claims made against the mortgage and the real estate to the property after confirmation of sale. And so really what the primary purpose of that statute, as I interpret it, and as I understand from the appellate court's case law, is that it's really to protect third-party buyers from individuals coming after the fact and trying to make a claim and disrupt the sale. Yeah. And that's why there's, I guess, a carve-out of exception that a party may seek proceeds from the sale but not actually undo the sale itself. Obviously, this is, I would almost say an apples and oranges situation to something like that because this is a conspiracy and fraud claim against parties and potentially their attorney after the fact based on the conduct of litigation. So it has nothing to do with the judgment or property itself. All right. Thank you. Okay. You'll have some time for rebuttal. Thank you, Your Honors. Mr. Burke, we will now hear from you. Can we please, the court? Counsel. Thank you. I might be able to shed a little bit more light on what's taken place. As a starting point, though, Your Honor, I should realize that me, the opposing counsel, and myself were involved in the underlying actions, whether it be the foreclosure case or with the case that was originally State, when this originally became State. Once the stay was lifted, I think, I wasn't even the first attorney who came, but another attorney came in to try to lift the stay, thinking the case had been dismissed. They activated the case and started the case up, and they brought me in to represent HR, Mr. Dugan, at that point. There was the original attorney that filed the case, withdrew. A new attorney came on point. I had filed a bill of particulars on the complaint at that point because of the relationship to what had taken place in the earlier case to bring this more to light and find out why they were even bringing this at this point because we had thought this was just going to be done because of the foreclosure case being dismissed. In the foreclosure case, there are a number of additional defendants that don't seem to be part of the fraud action. What happened to the other defendants? From the foreclosure case? Yes. Your Honor, I don't know. I wasn't part of that case, and I never really got a record of that case to work from to deal with that. And what happened to Attorney Linder? That attorney, well, in the foreclosure case, that attorney was sanctioned. So what happened in the case is that there had been a sheriff's sale that took place. Apparently, she failed to give proper notice, or she gave assurances to their side that they weren't going to go forward with the sheriff's sale, and then she went through with it anyways for whatever neglect or whatever purpose. The property was then sold by sheriff's sale. They came back in once they realized that that happened. A motion was filed, and this is all ledged in the amended complaint, is our timeline that we can work from on that. On February 16th of 2018, the motion to vacate the original sheriff's sale, and that was on, if you brought that up before, townhouse 3207, number 2. So townhouse number 1, 3201, had been previously sold in a private sale after the foreclosure started, from what I'm getting. So on February 16th, 2018, there was the motion to vacate, that the sheriff's sale was vacated at that point in time. They were given leave to bring other actions against the attorney, as well as HR and Dugan, for the damages that took place in that. That motion that they brought at that point, and the allegations of fraud that were brought in that case, resulted in the award of the attorney's fees. Those exact allegations of fraud are what's been brought in the amended complaint that we're dealing with now. To put it in perspective, the original complaint was filed on April 4th of 2018. The motion to dismiss under 619.83 was filed on May 25th of 2018. So at that point in time, we already had the motions going on, dealing with the fraud and things of that sort. Well, they ended up getting attorney fees. Well, yes, it was listed as attorney's fees. I'm a little confused on the order myself, on how it was written, because it's more than what was actually asked for. The reason I'm asking this is I want to follow up. So the counselor earlier indicated that the request for a second amended complaint was to include Ms. Lunder. So where is she at now? So the request to amend, to bring in Ms. Lunder, came after the briefs had been fully briefed out on our motion to dismiss, and it's before you now, on the 619.84 for res judicata. They were granted leave to do that, to bring in Ms. Lunder, and they wanted to do so in a hurry because of the statute of limitations. And that was allowed. And it was allowed. There is a draft of that complaint, I believe, attached to one of the filings and stuff, but it was never filed. The order came through, the order of leave to do it, and nothing happened. And I searched diligently through the record, trying to think to myself. I got the order that was entered. They had prepared a proposed second amended complaint. They had to do it by August 24th. They did file that. And then on the 30th, the judge entered an order granting leave to file that complaint. So I'm not sure what you're suggesting, that the judge didn't allow the filing? There's an order in the record where the judge allowed leave to file the proposed second amended complaint. It was granted. And the complaint is in the record. Correct. So what are you saying? I'm agreeing with you. Okay, so there is a second amended complaint. And the judge dismisses two of the defendants. And that order doesn't contain anything involving a letterer. Correct. Okay. Is our jurisdiction in question? Because there's a party still below that has never been dismissed. And even if the person was dismissed later, when this notice of appeal was filed, there was a pending another party. At the time the notice of appeal was filed, they had been granted leave to bring in the third party to this letter. Leave to file was a motion. And a copy of the complaint was attached to a motion as to what they intended to file. Yeah. I suppose the only question is whether they needed to take the next step and actually file the complaint in order to keep that. Well, when leave to file is granted, you're saying it's really not granted, that the complaint isn't filed. My best practice on that is when I'm granted leave to file an amended pleading, I actually file the amended pleading. Even if it says in stancher or anything on there, I want a file stamped copy rather than attached as an exhibit to something else. All right. So you're saying there is no file stamped copy. There is not a file stamped copy of the complaint that the second amended complaint. Okay. Other than as an exhibit to their. But there's still possibly another party out there that should have been added that wasn't added. Possible. Well, we have to look at the record regarding our jurisdiction because there seems to be a conflict about what actually occurred. So what I want to ask you is now counsel has indicated that he was never involved in the foreclosure. You were never involved in the foreclosure. What is your response to the order staying the complaint and it was made part of the law division stay calendar? So they were basically put in a box, weren't they? No, I wouldn't agree with that. Okay. Okay. So the motion to dismiss under A3 was done when they already proceeded on actions based on the foreclosure being vacated and going after the attorneys and the people involved in doing that. So they were already making these claims using the same allegations of fraud at that point in time. They were identical. It was basically the same cause of action. In our case, a stay was entered, though, at that point. Yeah. And what's interesting is that the motion to dismiss wasn't done, let's say, with or without prejudice. They probably should have added some extra language to clarify for us. As far as this grace judicata goes, if they didn't do anything in the foreclosure, didn't ask for attorney fees, in fact, the foreclosure statute allows for fees on a motion, and their motion was to vacate the sheriff's sale. Right. Wouldn't you argue later that under grace judicata that they should have raised the claim? Because grace judicata applies to claims that were or could have been raised. So are they put in a position where they couldn't do what you're telling them they should have done? Well, I think actually they probably should have done this all in the original case before the original judge that was involved in the facts that took place there. It wasn't chancery. They're incorrect when they state they can't bring fraud claims in the chancery court because Illinois courts, as you well are aware, are courts of general jurisdiction. They could have brought their fraud claims and everything before that judge in one forum rather than doing duplicate loop litigation that's going to cause everybody a great deal more expense and harm in the process. So the better practice here, and I think under the rules, would have been they should have filed in the foreclosure case if they believed that they had a fraud claim, they should have filed it there. Yes. Well, but then they did, and this is what I'm asking you. Should we consider the fact that the first motion to dismiss, it was denied, so they brought an action. Yeah. They brought an action for fraud and conspiracy. And you're not involved at this point, I don't think. No. Okay. There's a motion to dismiss, and it's not under race judicata, it's under, there's another case pending. The judge, I think it was Judge McGrath, she denies it, but then she stays it. She stays the case. It's transferred to the stay calendar in the law division. So is there an argument to be made, not that race judicata doesn't apply, but that it's an equitable doctrine and this court should consider the fact that the other lawyers who were involved in everything else, other than you two, were put in a position of not being able to proceed? Well, it was the same lawyers in both suits at that point in time that were going on. And they did continue in the, for lack of a better term, the original action, the foreclosure action, through June when the property, the second sale took place, and the sheriff's sale was confirmed and all that. The attorney's fees were awarded in December of 2018. So they did continue to litigate this matter. They just continued to litigate it in the original courtroom where these facts developed and where it was going on before Judge, I'm not sure, sorry. Otto? No, Judge Otto is the current judge. I'm sorry. Yeah, I'm not sure of the first one. I thought it was Judge McGrath. There were more judges. McGrath started our case. When the stay was lifted, it was assigned to Judge Otto and we moved from there. So in answer to your question, I would say that while the stay was happening, they continued to litigate it. So once the stay was lifted, it's where we are today. You ordered litigation. They moved to vacate the stay? I mean, the sale? You're saying they were litigating it because they moved to vacate a sale that they thought was improper? And then the court denied, actually vacated the stay, but she also denied, or he rather, denied confirmation of one of the other sales. I mean, there's multiple properties. But you're saying this was fully litigated or they had the opportunity to fully litigate when there was a stay in place? Opportunity. So, yeah, again, factually, the sale takes place and it's confirmed by the sheriff's office. They discover there's a problem with it because of the attorney not giving notice or giving false assurances. They bring that action to the court in the foreclosure case. At that point, the case is they vacate the sheriff's sale, and it's reset again for a new sheriff's sale. So they have to start from scratch on doing that. At the same time, there's another course of litigation where they're going forward on their fraud claims, and the relief they sought in the fraud claims is attorney's fees. That, if they wanted something more, that was the time to do it before that court. Oh, you're saying the fraud case, the complaint, the only thing they asked for was for attorney's fees? They weren't asking. I'm talking about their complaint for fraud and conspiracy. You're saying that they didn't ask, they didn't have an abdominable cause for over $50,000, and that they didn't allege all sorts of things about not being able to file for bankruptcy, and they said we just want attorney's fees? I want to be careful here because I think we're talking two different things here. I want to be careful on which case. We always say case one or case two maybe or something. It would be easier about this. The fraud and conspiracy cases came in the case before you today on that appeal. The original case, they were the defendants on that, and it was just by motion practice that they brought in the claim for the attorney's fees and whatever damages from that. That was their chance to bring in a claim for fraud or other things, bring a counterclaim or whatnot. The original action you referred to right now, that's the foreclosure action? The foreclosure action, correct. The reason the motion was dismissed was denied because there was another action pending, and another action pending had been stated by a judge. Right. So my question, I guess, is you're saying that that wouldn't be a reason to allow or to actually not impose res judicata in this case, which the case is saying, if it would be unjust and unfair. It would be. It should be res judicata because the same facts were being litigated in the foreclosure case as what they wanted to litigate in this case. So the fact that it was stayed at that point gave somewhat really partial relief to even the defendants at that point by staying the case. So they were litigating two cases at the same time. They couldn't proceed with that case and all the claims therein. And as we waited to see what took place with the underlying case. But then they filed a motion to vacate the sale, and so because they got their attorney's fees, they had a full opportunity, full and fair opportunity to litigate their other case. We're mixing up things here again. So because the vacating took place in the foreclosure case. Yes, I understand. But the stay took place in this case. They stayed our case on a 619-83. Because there was a foreclosure case pending. Because the foreclosure case was pending. And what did the order say? That this matter is stayed pending the finalization of the foreclosure case. Foreclosure case, correct. And in the foreclosure case, then, they continued to litigate these issues, the very issues that were brought up. You're saying that they filed a motion for attorney fees because the stay was vacated. That was the limitation. Now, they may have said there's equitable reasons why. But they brought a claim because of fraud in that sheriff's sale, which is exactly what they're saying here in the foreclosure case, which was granted. And the relief they apparently sought was the attorney's fees at that point. Was there an order entered, like, on April 26th where the court vacated the stay, and then the following day the court said the sheriff's sale may proceed? In the foreclosure sale. Right. There was something like that. The court vacated the stay, but then said, okay, tomorrow you can proceed. June 26th, Suspante, the court came in, and June 27th the sale took place. Right. They vacated it one day, said it can go forward the next day. That pertained, there's 30 vacant lots that were also being sold. Yeah. And the original orders, there was some ambiguity in the orders. So because the sheriff's sale was going forward on those vacant lots as well, I guess they amended the order of Suspante to allow that to happen. Again, I wasn't present for it, so I'm like, and I read the orders and I think, I like better orders. I want more detail for times like this to make the record. Anything further? No, I have nothing further. All right. Thank you. Thank you. Mr. Eakley, please. Brief thoughts. Thank you. I'll just clarify the last comments. What had happened was in February of 2018, there was a motion to vacate the sale of the lot one. And there was also pending a motion to confirm the sales of the vacant lots. And so at that time in February of 2018, I think it was February 18th, the court vacated the sale of lot one, denied the motion to confirm the vacant lots, but there still had been a sheriff's sale at that point. And the sheriff's sale of the vacant lots had not been vacated. And so that's what happened. Just to interrupt you for a second. Is it one of the vacant lots or is it 3207 or is it 3201? I believe it's 3201, Your Honor. Okay. And the lot one was improved by a townhouse. So that's why there's the two lots that had townhouses on them and then there's the vacant lots. So in June 26th of 2018, what had happened was there was, while the sale of the vacant lots had not been confirmed, they were still sold. And so at that point, that's when Judge Frack, in the foreclosure case, then Suspante vacated the sale of the vacant lots and said, okay, the sheriff's sale for that is going to take place tomorrow. And so, again, that left the court or my clients in some sort of a trick bag there. And wasn't there an issue with notice still on that? Because, I mean, you guys still give notice, right, for the sales? I would think that there would have been, Your Honor, but they did proceed it. It proceeded the next day. Okay. And that prevented Maingate from pursuing its rights in bankruptcy or otherwise. And so we believe that there's obviously a cause of action here for fraud and conspiracy. It was not fully litigated in the foreclosure case. It was just attorney's fees awarded on a motion. The complaint specifically alleges for damages exceeding much higher than $50,000, as well as a jury demand. Is the letter of complaint still pending in the law division? It is, Your Honor. All right. That's the only question I have. Anything else? Except for a lawsuit. Yes. Yes. Thank you. So if there's no further questions, I thank you for your time and your attention. Thank you. Thank you both for your arguments today. We will take short recess before we call the next case.